TueNEY, J.,
delivered the opinion of the Court.
An action of covenant was commenced in the Circuit Court of Smith county, by the defendant in error, against the plaintiff, upon, as alleged in the declaration, a lost bond executed by the intestate, Ephraim Cheek, with W. H. Cheek as his security, to the Chairman of the County Court, in consideration of the apprenticeship by said court, to the intestate in his lifetime, and in 1851, of Isaac Gr. B. Chapman, a minor orphan, about six years old. The declaration makes profert of a copy of the bond. There was verdict and judgment for the defendant in error, and an appeal in error to this Court.
There are eight pleas filed to the declaration, among them a plea of non est factum. Under this plea the burden was upon the defendant in error to shew the execution of the bond, its loss and contents.
Code, 3901, provides: “Any lost instrument may be supplied by affidavit of any person acquainted with the facts, stating the contents as. near as may be, and that such instrument has been unintentionally lost or mislaid,” etc. § 3903 provides: “If the instrument is one which the law requires should be denied under oath, the affidavit produced before or at the trial will be sufficient to establish the claimant’s right, whether he is plaintiff or defendant j and if denied under oath, or otherwise put in issue, may be established by competent evidence of its contents.”
*172 In this case, neither the rule prescribed by the Code, nor that of the common law, has been observed.
The affidavit of the loss and contents of the bond is made by the defendant in error, Isaac G. B. Chapman, who is shown to have been between five and eight years old at the time he was apprenticed, and at the time the bond is alleged to have been executed. He does not show himself to have been there, or to have afterwards become acquainted, with the facts; he does not, in fact, state that such bond was ever executed, and simply states that he “believes the copy herewith filed and referred to in the declaration is a substantial copy.”
It would have been remarkable for a boy between five and eight years of age to have remembered anything of the contents of a bond executed under the circumstances of this alleged one, and there is no pretense that he ever saw it or read it after that time. We must infer he could not have read it, as he subscribed the affidavit with his mark.
The testimony of John R. James is taken; he proves he was Chairman of the County Court in 1851; that he was present, some time in 1867, when E. W. Turner, the Clerk, was searching for the bond, but that it was not found while he was present in the Clerk’s office; that he was present as Chairman when Chapman was apprenticed; don’t recollect much about the circumstances. With this for his premises, the witness is allowed by the Court to suppose rather extensively, and to think very much at will.
This witness totally fails to prove, directly or sub *173 stantially, any material fact competent for consideration by a jury. He arrives at the contents of the bond in question from the usual form in such cases.
The Clerk of the County Court was introduced, and proved that he had been Clerk a month or. two; that since the case was called for. trial he had examined the papers labeled, 1851, and did not find the bond. This Clerk went into office sixteen or seventeen years after the time the bond is said to have .been executed.
Neither the Clerk who was in office at the time, nor the other members of the Court with James, are examined.
The entire proof as to the execution, loss and contents of the bond is illegal. The testimony upon these subjects shows that if these facts exist at all, there is better proof of them, than that offered and relied on even by these witnesses. The search for the lost instrument contemplated by law has not been made.
There are other errors, both in the admission of testimony and the charge of the Court, unnecessary to be noticed, as we suppose their recurrence upon another trial highly improbable.
Reverse the judgment.